The State, ex rel. Cadwallader, v. Village of Antwerp et al.

(No. 109—Decided July 3, 1957.)

*Mr. John Winn* and *Mr. John F. DeMuth*, for relator.
*Mr. William Day*, for respondents.

Younger, J. This action in mandamus originating in this court was brought to direct the mayor of Antwerp, Paulding County, Ohio, to issue a building permit in order that a new Shell filling station could be erected on lot 6 of Daggett's Third Addition to said village.

The relator's application for a permit had been denied on the sole ground that to issue it would violate the first paragraph of Section 4 of Ordinance No. 18.27, passed November 1, 1956. Said ordinance classified flammable liquids, Class 1 being "liquids having a flash point below 25 degrees F. closed cup tester. Examples: acetone ether, gasoline, naptha, and benzol." The first paragraph of Section 4 provides as follows:

"No Class 1 nor Class 2 liquids shall be kept or stored in, or within 400 feet of, any schoolhouse, religious, amusement or other building used as a place of assembly, or the premises thereof, except in laboratories for experimental purposes."

The lot involved is located at the northwest corner of Monroe and River Streets in the downtown section of Antwerp, River Street being U. S. Route 24, and immediately north of the lot, across a short street, Franklin Street, is the public school. That part of Franklin Street between this lot and the schoolgrounds has been vacated and turned over to the school board.

The evidence, introduced by deposition, shows that there are a number of gasoline stations in the village, now located within four hundred feet of such buildings as the City Hall, Presbyterian Church, Masonic Hall, and American Legion Home.

It is the claim of the relator that Section 4 of the ordinance is unconstitutional, being an unreasonable and arbitrary exercise of police power of the city.

It must be borne in mind that this case does not involve the right of a city to regulate the location or operation of a gasoline service station, either with or without a proper zoning ordinance. This case does not involve the right of the city to prohibit the erection of such a station within 400 feet of a school house, although that is what the relator is seeking to do and it is evidently what council sought to prevent.

Section 4 of this ordinance absolutely prohibits the keeping or storage of gasoline in any quantity, large or small, even if stored below ground in tanks of the very best material, with every known safety factor present. It does not exclude existing storage tanks or gasoline service stations, and based upon the evidence introduced in this case, there are several gasoline service stations in the city now in violation of the ordinance, if it is held to be constitutional.

This court, sitting by assignment in Lucas County, recently upheld the constitutionality of the Toledo pinball ordinance, and in our opinion* therein, said:

"It is fundamental in cases of this nature that the court cannot substitute its judgment for that of the council which enacted this ordinance. The necessity for and wisdom of the ordinance is a matter which has been determined by the council of the city of Toledo, and an ordinance cannot be overthrown by a court unless such legislation is clearly arbitrary, unreasonable or unrelated to the public health, morals, safety or welfare of the community."

However, in this case we hold the section of the ordinance under consideration to be unreasonable, arbitrary and void.

Although gasoline is a dangerous and highly combustible

*Feak v. City of Toledo, post, 304.

substance it is now kept and stored in comparative safety in many homes for use in power lawn mowers, lawn rakes and garden implements. Automobiles holding up to nineteen and one-half gallons of gasoline are now quite safely stored in garages attached to expensive homes. These things this ordinance prohibits within the 400-foot limits.

We adopt the following statements taken from 7 McQuillin, Municipal Corporations (3 Ed.), 438 and 441:

"Section 24.471. Municipal corporations under specific power or under their police power ordinarily can regulate the presence, deposit, storage, keeping and handling of oil, gas, butane gas, gunpowder, giant powder, nitroglycerine, dynamite, blasting powder, inflammable oils and liquids and other combustibles and explosives, including paper, old paper, old rags, burlap material and bags, refuse material, fuel, lumber and straw. But an ordinance cannot unqualifiedly prohibit the keeping of boxes, barrels or other inflammable material upon or in any place within the city; such an ordinance is unreasonable, arbitrary and void."

"Section 24.473. Ordinances prohibiting the storage of explosive or highly combustible substances, or facilities for such storage, within a certain proximity of residences, schools or other specified buildings have been sustained. The prohibition may be of storage in excess of a certain quantity within a certain proximity of specified buildings. A prohibition of this character must, of course, be reasonable and not discriminatory or creative of a monopoly."

A writ of mandamus, therefore, is allowed.

*Writ allowed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.